IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.     CRIMINAL NO.: 2:16cr22

FRANK WAYNE GOOD

    Defendant.

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the Defendant, Frank Wayne Good, by counsel, pursuant to Section 6A1.2 of the Sentencing Guidelines and Policy Statements and the standing Order of this Court, and states the following for his position on sentencing:

The Defendant and counsel have reviewed the pre-sentence report and addendum (the "PSR") and will not object to the advisory sentencing guideline calculations, however for the reasons set forth below, the defense requests that the Court impose a sentence close to the 240 month minimum sentence allowed by law.

The court is no longer required to impose a sentence within the range calculated under the provisions of the United States Sentencing Guidelines. *See United States v. Booker*, 125 S. Ct. 738 (2005). The court is now required to impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Mr. Good is 48 years old, married and has two sons. All of the family members interviewed for the PSR expressed support for the defendant and stated that he was a "good kid", "good guy", "big heart", "great father" and "good person who makes poor choices". Mr. Good has struggled with an addiction to methamphetamine his whole

adult life.  While Mr. Good has had some drug treatment, he has never been able to overcome his severe addiction.   The PSR notes the full extent of his methamphetamine use over the years (see ¶82. of the PSR).    His criminal history of non-violent drug offenses reflects this addiction to methamphetamine.

 Mr. Good recognizes and acknowledges that he has been determined to be an *organizer or leader* of the conspiracy and he is receiving an enhancement for that behavior.  In addition, the drug weight being attributed to Mr. Good places him at a base offense of level of 36.  USSG §2D1.1(c)(2) of the guidelines provides that an offense involving at least 30,000 kilograms but less than 90,000 kilograms has a base offense level of 36.  The total amount of drugs being attributed to Mr. Good is 31,029.65 kg of marijuana (see ¶23 of the PSR).  It is of note that the drug weight attributed to Mr. Good is at the very low range of the base offense level of 36 and is based on averages determined by the probation officer.  For this reason alone, the Court should consider deviating below the guideline range.

Mr. Good's health is poor.   He is an insulin dependent diabetic and has various medical problems related to his diabetes.   Over the years, Mr. Good has become an accomplished automobile mechanic and has worked this trade in various settings.

A sentence near  the mandatory minimum (240 months), followed by supervised probation and substance abuse treatment would promote respect for the law, reflect the seriousness of the offense, provide just punishment, afford an adequate deterrence and protect the public from further crimes.

### Request for a downward departure and variance from the guidelines

Mr. Good has a long history of struggling with methamphetamine addiction.  He

has strong family support and 2 children.   In addition, Mr. Good is 48 years old.  If he is sentenced to 30 years in prison, he will be 78 when he is released.   Even though Mr. Good's crimes are very serious and his prior record is extensive, this is tantamount to a life sentence which seems unreasonably harsh for an addict with a history of non-violent drug offenses.  Finally, Mr. Good has a significant medical condition (insulin dependent diabetes) that requires daily injections.     For these reasons and others, the Court should give a downward departure or variance sentence from the guidelines in this case.

Section 18 U.S.C. 3553 states that to meet the goals of sentencing, "The court shall impose a sentence sufficient but not greater than necessary...".  The Court must impose the least restrictive sentence.   In *Gall v. United States*, 552 U.S. 38, 47 (2007), the United States Supreme Court rejected "... an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" and also rejected "... the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence."    The *Gall* court citing to the decision in *Koon v. United States*, 518 U.S. 81, (1996), recognized the difficult task that faces a sentencing court to view each case and each defendant on an individual basis.  "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, supra at 52.

In  *Koon*, the Court identified three categories of departures: (1) departures based on encouraged factors, (2) departures based on discouraged factors or factors already covered, and (3) factors not mentioned in the guidelines.

Pursuant to Section 5K2.0(a)(1)(A) of the Sentencing Guidelines, the Court can depart from the guideline range if pursuant to 18 U.S.C. §3553(b)(1), there exists a mitigating circumstance to a degree not adequately taken into consideration in order to advance the purposes listed in 18 U.S.C. §3553(a)(2). In this case, the guidelines range is greater than necessary to accomplish the goals of 18 U.S.C. §3553(a)(2).

For all of these reasons, the defendant will be asking the Court to depart below the guidelines.

> *The court may depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure, only if —*
>
> *(1) such offender characteristics or other circumstances, taken together, make the case an exceptional one; and*
>
> *(2) each such offender characteristic or other circumstances is —*
>
> *(A) present to a substantial degree; and*
>
> *(B) identified in the guidelines as a permissible ground for departure, even if such offender characteristic or other circumstance is not ordinarily relevant to a determination of whether a departure is warranted."*

*Federal Sentencing Guidelines* Manual §5K2.0 © (2012).

A sentence near the mandatory minimum sentence of twenty years, followed by supervised release with drug treatment would be sufficient but not greater than necessary to accomplish the sentencing purposes of 18 U.S.C. §3553.

Mr. Good has accepted full responsibility for his actions and has written a letter to the Court, which is attached as a separate filing.

WHEREFORE, Defendant prays that the Court grant him a downward departure or guidelines variance.

/s/
Melinda R. Glaubke, Esquire
Virginia Bar Number: 31691
Attorney for Defendant,
  Frank Wayne Good
Slipow, Robusto & Kellam, P.C.
2476 Nimmo Parkway, Suite 121
Virginia Beach, VA  23456
(757) 427-5094
(757)427-1727 Fax
mglaubke@srklawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2016, I emailed a copy of the foregoing to Jason D. Cole, United States Probation Officer and electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record including the following:

Darryl James Mitchell
United States Attorney's Office
101 W Main St
Suite 8000
Norfolk, VA 23510
(757) 441-6331
darryl.mitchell@usdoj.gov

/s/
Melinda R. Glaubke, Esquire
Virginia Bar Number: 31691
Attorney for Defendant,
  Frank Wayne Good
Slipow, Robusto & Kellam, P.C.
2476 Nimmo Parkway, Suite 121
Virginia Beach, VA  23456
(757) 427-5094
(757)427-1727 Fax
mglaubke@srklawfirm.com