IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:16cr22** |
| | ) | |
| **FRANK WAYNE GOOD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**POSITION OF THE UNITED STATES WITH
RESPECT TO SENTENCING FACTORS**

In accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the Probation Officer's Presentence Investigation Report ("PSR") prepared in this matter, and that it does not dispute any of the factors or facts set out therein. Because he has withdrawn his previous objections to the calculation of his guidelines, the United States moves for the defendant to receive the additional one-level reduction under Section 3E1.1(b) of the Sentencing Guidelines and Policy Statements.

Sentencing Argument

Following *United States v. Booker*, 543 U.S. 220, 235 (2005) and *United States v. Hughes*, 396 F.3d 374, 379-81 (4th Cir. 2005) "district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)." *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir.) (footnote omitted) (*citing United States v.*

*Hughes*, 401 F.3d 540, 546), *cert. denied*, 547 U.S. 1156 (2006); *accord United States v. Raby*, 575 F.3d 376, 380-82 (4th Cir. 2009); *United States v. Evans,* 526 F.3d 155, 162-64 (4th Cir.), *cert. denied*, 555 U.S. 977 (2008); *United States v. Hernandez-Villanueva*, 473 F.3d 118, 122-24 (4th Cir. 2007); *United States v. Eura*, 440 F.3d 625, 632 (4th Cir. 2006); and *United States v. Moreland*, 437 F.3d 424, 432-33 (4th Cir.), *cert. denied*, 547 U.S. 1142 (2006).

The factors which may now be considered in fashioning a "reasonable" sentence, almost on an equal footing with the "advisory" Guidelines, are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available ...

[paragraphs (4) and (5) refer to the Sentencing Guidelines]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *Accord Moreland*, 437 F.3d at 433-34; and *Green*, 436 F.3d at 455.

The defendant pled guilty to Count One of the indictment charging conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, commonly known as "Ice," and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and

(b)(1)(A). Under Count One, the defendant faces a mandatory minimum term of imprisonment of twenty (20) years, a maximum term of life imprisonment, a fine of $20,000,000, a special assessment and at least ten (10) years of supervised release. The defendant is attributed with 11.052825 kilograms of methamphetamine and 446.2 grams of "Ice," which all converts to 31,029.65 kilograms of marijuana. The defendant's base offense level is 36. The defendant also received the following guidelines enhancements: a two level enhancement for possessing a dangerous weapon under U.S.S.G. § 2D1.1(b)(1); a two level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12); and a four level enhancement for his aggravating role pursuant to U.S.S.G. § 3B1.1(a). The defendant has fully accepted responsibility. The defendant's criminal history category is IV and his guidelines range is 360 months to life.

The facts surrounding this case are fully set forth in the PSR. From 2013 and continuing thereafter until his arrest on March 14, 2016, the defendant organized and led a drug trafficking organization that distributed massive quantities of methamphetamine and "Ice" in the South Hampton Roads area. At the time of his arrest, the defendant was attempting to obtain additional methamphetamine for distribution, as a search of the defendant's residence yielded a receipt dated March 9, 2016 for a money parcel previously sent to co-defendant Russell Waggoner in Arizona. During the charged conspiracy, the defendant was *one of*, if not, *the most* prolific methamphetamine distributor(s) in this area. The defendant's operation was widely known among a certain segment and the defendant's actions have undoubtedly inflicted immeasurable damage on the community. A sentence within the guidelines range is necessary to appropriately reflect the seriousness of the defendant's crimes.

The defendant has an atrocious record of felony drug violations and his criminal history confirms that he has no respect for the law. The defendant has approximately eight prior felony

drug convictions dating back to 1991, when the defendant was 22 years of age. At the time of his most recent prior felony drug conviction, a 2009 conviction for possession or use of dangerous drugs from Maricopa County, Arizona, the defendant was 40 years old. The defendant's record is replete with probation violations involving continued drug distribution and use and other violations of the law. Among the defendant's eight prior felony drug convictions are four convictions for trafficking in controlled substances and the government notes that the five earliest of the defendant's felony drug convictions did not accrue criminal history points due to their age. The defendant's criminal history portrays an extensive pattern of continuous criminal behavior with a singular focus on drug use and distribution. A sentence within the guidelines range is necessary to provide the defendant with just punishment for his offense. Obviously, the defendant's numerous contacts with the criminal justice system, which have included various short periods of incarceration (the longest period of incarceration previously imposed on the defendant was three years' imprisonment) followed by probation which he invariably violated, have not served to deter the defendant from further criminal conduct. A sentence within the guidelines range is necessary to deter the defendant from continuing to violate the law. A sentence within the guidelines is also necessary for general deterrence, to promote respect for the law and to protect the public from further crimes of the defendant.

      The defendant has been using methamphetamine regularly since the age of 18. By the defendant's own admission, he uses methamphetamine multiple times daily when not in custody. Now 48 years old, the defendant's overall heath is poor. *See* Defendant's Position on Sentencing (ECF No. 120) at 2. He is insulin dependent, having been diagnosed with type II diabetes in 2011. The defendant has high cholesterol and hypertension. He is also prescribed medication for seizures. By his conduct, the defendant has demonstrated no concern for his health and his current condition is a result of a lifetime of drug abuse, criminal conduct and bad choices. A sentence

4

within the applicable guidelines is necessary to provide the defendant with needed medical care and to protect the defendant from his addiction to drugs.

As set forth in the PSR, the Guidelines recommend a sentence of imprisonment of 360 months' to life. A sentence within the guideline range would appropriately reflect "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The government submits that a sentence within the guideline range is necessary to protect the public, afford adequate deterrence and to promote respect for the law. 18 U.S.C. §3553(a)(2)(A), (B), (C).

## Conclusion

For the reasons stated, the United States therefore asks this Court to impose a sentence within the guideline range of 360 months to life.

Respectfully Submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: /s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Melinda R. Glaubke
Slipow, Robusto & Kellam, P.C.
2476 Nimmo Parkway, Suite 121
Virginia Beach, VA 23456
Phone: (757) 427-5094
Fax: (757) 427-1727
Email: mglaubke@srklawfirm.com

I certify that on this 14th day of September, 2016, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be sent to the following:

Jason D. Cole
Senior U.S. Probation Officer
600 Granby Street, Suite 200
Norfolk, VA 23510
Jason_Cole@vaep.uscourts.gov

/s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov