UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FRANK WAYNE GOOD,

        Petitioner,

v.                                    Civil No. 2:17cv313
                                      Criminal No. 2:16cr22

UNITED STATES OF AMERICA,

        Respondent.


## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Frank Wayne Good ("Petitioner" or "Good"). Petitioner's § 2255 motion contains numerous claims alleging ineffective assistance of counsel. For the reasons discussed below, Petitioner's habeas petition is **DENIED** with the exception of Petitioner's claim that counsel was ineffective for failing to file a notice of appeal as directed, which is **TAKEN UNDER ADVISEMENT** pending an evidentiary hearing.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 5, 2016, Petitioner was charged with the following eight counts of a twenty-seven count indictment: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. 846 (Count 1);

Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 2 and 3); Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) (Counts 4 and 5); and Using the United States Mail to Cause, Commit and Facilitate a Felony Violation of the Controlled Substances Act in violation of 21 U.S.C. § 843(b) (Counts 6 through 8). See Ind., ECF No. 1.

On March 14, 2016, Petitioner was appointed counsel. See Initial Appearance Minutes, ECF No. 8. On May 25, 2016, the Government filed an Information to Establish Prior Conviction in accordance with 21 U.S.C. § 851, which noted one of several of Petitioner's prior felony drug offenses. ECF No. 68. On June 3, 2016, Petitioner pled guilty pursuant to a written plea agreement to Count One of the indictment. ECF No. 77. The Court accepted Petitioner's guilty plea and continued the matter for sentencing. Id.

In the presentence investigation report ("PSR") prepared on August 17, 2016, the probation officer calculated Petitioner's Advisory Guidelines range to be 360 months to life based upon an offense level of 41 and a criminal history category of IV. See PSR ¶¶ 22-33, 100-101, ECF No. 102. On August 30, 2016, Petitioner raised the following objections to the PSR: (1) that the drug weight attributed to him that resulted in his Base Offense Level of 36 was inaccurate; and (2) that he should not

2

be assessed the two-level enhancement for possession of a dangerous weapon. See PSR 31-32, ECF No. 114. On September 14, 2016, Petitioner filed a position paper withdrawing his objections and concurring with the recommended guideline range. See Def.'s Pos. Paper 1, ECF No. 120. In his position paper, Petitioner argued for a below-Guidelines sentence "close to the 240 month minimum sentence." Id. On that same day, the Government filed its position on sentencing recommending a sentence within the undisputed Guidelines range of 360 months to life imprisonment. ECF No. 121.

At Petitioner's sentencing hearing on September 21, 2016, both parties agreed that the Guidelines range and statutory imprisonment range were properly calculated. Sen. Hr'g Tr. 7:5-10, ECF No. 170. The Court ultimately sentenced Petitioner to a below-Guidelines sentence of 300 months imprisonment, followed by a ten-year term of supervised release. See Judgment 2-3, ECF No. 136.

On June 8, 2017, Petitioner timely filed the instant § 2255 motion. ECF No. 146. Therein, Petitioner requests that his conviction and sentence be vacated because Petitioner's counsel provided ineffective assistance for failing to (1) conduct an adequate and independent pretrial investigation; (2) negotiate a more favorable plea agreement; (3) adequately inform him of the likely outcome of pleading guilty; (4) review, discuss, and

3

explain the PSR to Petitioner prior to his sentencing; (5) file substantive objections to the PSR; and (6) file an appeal. See Mem. Law Supp. § 2255 Mot. 15-27, ECF No. 147.

On October 27, 2017, the Government replied in opposition. ECF No. 159. On November 27, 2017, Petitioner filed his reply brief. ECF No. 165. Having been fully briefed, Petitioner's pending motion is ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id.; see Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

4

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

Although a petitioner advancing new claims asserted for the first time in a § 2255 motion must generally "clear a significantly higher hurdle than would exist on direct appeal," United States v. Frady, 456 U.S. 152, 166 (1981), a freestanding claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion, see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 proceedings permit expansion of the record, which is generally unavailable on direct appeal. United

States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06 (2003)).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (emphasis added) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both: (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) that counsel's inadequate performance caused the petitioner prejudice. Id. at 687–88. "Vague and conclusory allegations contained in a § 2255 petition" are insufficient to carry a petitioner's burden under Strickland, and such allegations may therefore "be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks and citation omitted).

Satisfying the first prong of Strickland requires a petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

6

defendant by the Sixth Amendment." _Strickland_, 466 U.S. at 687. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" _Tice v. Johnson_, 647 F.3d 87, 102 (4th Cir. 2011) (quoting _Strickland_, 466 U.S. at 690). As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." _Strickland_, 466 U.S. at 689. A petitioner's showing of deficient performance must therefore go beyond establishing that counsel's performance was below average, because "effective representation is not synonymous with errorless representation." _Springer v. Collins_, 586 F.2d 329, 332 (4th Cir. 1978); _see_ _Strickland_, 466 U.S. at 687. According to the Fourth Circuit, the "basic lesson" of _Strickland_ is not just deference but high deference, and attorneys are permitted to "be selective and strategic without risking an ineffective assistance of counsel claim." _United States v. Mason_, 774 F.3d 824, 830 (4th Cir. 2014).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If a petitioner fails to prove either of the two prongs of the Strickland test, the court need not evaluate the other prong.

### III. DISCUSSION

Petitioner's § 2255 motion advances six claims of ineffective assistance of counsel, including that Petitioner's counsel: (1) failed to conduct an adequate and independent pretrial investigation; (2) failed to negotiate a more favorable plea agreement; (3) failed to adequately inform him of the likely outcome of pleading guilty; (4) failed to review, discuss, and explain the PSR to Petitioner prior to his sentencing; (5) failed to file substantive objections to the PSR; and (6) failed to file an appeal. See Mem. Law Supp. § 2255 Mot. 15-27, ECF No. 147. The Court will address each claim in turn.

### A. Failure to Conduct an Adequate Pretrial Investigation

Petitioner first argues that counsel provided ineffective assistance by "fail[ing] to conduct any kind of a reasonable

independent pretrial investigation." Id. at 16. He asserts
that counsel "failed to research case law, interview witnesses
or investigate the facts of his case," and also failed to
conduct independent investigation or otherwise move the Court to
hire a private investigator to independently investigate his
case. Id. Beyond the above conclusory statements, however,
Petitioner does not explain what evidence or caselaw he believes
that his counsel failed to uncover.

The Government responds by noting that Petitioner's
allegations are in conflict with his earlier sworn statements at
his change of plea hearing. See Gov.'s Opp'n Br. 10-11, ECF No.
159. At the hearing, Petitioner affirmed that he had the
opportunity to discuss his case with his attorney, that he had
discussed all the facts of the case with his attorney, and that
he was satisfied that his attorney had fully considered all the
facts of his case and discussed with him any possible defenses
to the charge. See Plea Hr'g Tr. at 14:9-18, ECF No. 158.
Additionally, the Government points out Petitioner acknowledged
in the plea agreement that he was "satisfied that [his] attorney
has rendered effective assistance." Plea Agr. 2, ECF No. 78.
The Government also has attached an affidavit from Defendant's
then-counsel, Ms. Melinda Glaubke, wherein she states:

> In order to prepare to advise [Petitioner] on whether
> or not it was in his best interests to plead guilty or
> go to trial, I spent over 9.6 hours reviewing the

> evidence/discovery and researching various issues
> connected with the case. In addition, I met with
> [Petitioner] at the Western Tidewater Regional Jail .
> . . at least 11 times prior to his guilty plea to
> discuss the facts of the case and any defense he may
> have. In addition, I met with [Petitioner's] wife in
> my office on several occasions regarding the charges
> prior to the plea.

Id. at 1, ECF No. 159-2. The Government argues that, in light
of the overwhelming evidence against Petitioner and his lack of
any viable defense, Ms. Glaubke's pretrial investigation was
more than thorough. See Gov.'s Opp'n Br. 11.

### 1. Counsel's Performance in Conducting the Pretrial Investigation Was Not Constitutionally Deficient

Claims of failure to investigate are analyzed not by
examining what is "prudent or appropriate" but "only what is
constitutionally compelled." Burger v. Kemp, 483 U.S. 776, 794
(1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n. 38
(1984)). Counsel has a duty to make "reasonable investigations
or to make a reasonable decision that makes particular
investigations unnecessary." Strickland, 466 U.S. at 691. In
determining a trial strategy, defense counsel "may rely on the
truthfulness of his client . . . in deciding how to pursue his
investigation." Barnes v. Thompson, 58 F.3d 971, 979-80 (4th
Cir. 1995); Strickland, 466 U.S. at 691 ("The reasonableness of
counsel's actions may be determined or substantially influenced
by the defendant's own statements and actions."). Thus, "when
the facts . . . are generally known to counsel because of what

the defendant has said, the need for further investigation may be . . . eliminated altogether." Strickland, 466 U.S. at 691. Counsel's decisions, when reasonable, are to be afforded a "heavy measure of deference." Id.

In order to prevail, Petitioner must satisfy the Court that additional evidence would have been obtained such that further investigation would have been fruitful. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). He states that counsel's failure to "research and properly prepare this case" prevented him from making an "informed decision of whether to plead guilty or to proceed to trial." See Mem. Law Supp. § 2255 Mot. 17, ECF No. 147. However, Good does not allege that there are particular facts or other information which, once discovered by counsel, would have influenced him to proceed to trial. He thus has failed to make a showing of deficient performance beyond "vague, conclusory statements." See Dyess, 730 F.3d at 359.

Moreover, Petitioner has not contradicted Ms. Glaubke's statement showing that she invested considerable time and effort into his case, meeting with him at least eleven times prior to his guilty plea to discuss the facts of the case. See Glaubke Aff. 1, ECF No. 159-2. Further, at his change of plea hearing Petitioner testified under oath that he was satisfied with his counsel, stating:

11

THE COURT: Have you had the opportunity to discuss your case with your attorney, Ms. Glaubke?

MR. GOOD: Yes, sir.

THE COURT: Have you actually discussed all the facts in this case with her?

MR. GOOD: Yes, sir.

THE COURT: Are you satisfied that Ms. Glaubke has fully considered all the facts and discussed with you any possible defenses that you may have to the charges against you?

MR. GOOD: Yes, sir.

Change Plea Hr'g Tr. 14:9-18, ECF No. 158. Thus, because Petitioner's evidence consists of only conclusory statements which contradict his sworn statements at the guilty plea hearing, he has not proven that counsel's performance was constitutionally deficient.

## 2. Counsel's Performance in Conducting the Pretrial Investigation Has Not Caused Petitioner Prejudice

Even if Petitioner had shown that his counsel failed to conduct an adequate pretrial investigation, he has not shown that counsel's performance caused him prejudice. When an ineffective assistance of counsel claim is brought after a guilty plea, the standard is altered. See Fields v. Att'y Gen'l of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). For a claim brought after a guilty plea, "[t]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial." Id. Even if counsel could have uncovered more facts with an independent investigation, Good has not established that additional facts would have changed the outcome of his case. The Government's case was bolstered by the testimony of numerous witnesses and co-conspirators, as well as by the fact that federal agents intercepted packages sent at Petitioner's direction containing drugs. See PSR ¶ 9 (detailing how federal investigators had intercepted packages containing drugs that were sent at Petitioner's direction); id. at ¶¶ 11-16 (explaining that five unindicted co-conspirators had inculpated Petitioner for his role in the offenses); see also Glaubke Aff. 1-2 (noting that Petitioner's counsel warned him that the last co-defendant in case had been arrested and was seeking to cooperate with the Government).

In light of the overwhelming evidence against Petitioner, counsel's performance, even if deficient, did not cause any prejudice because Petitioner has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. Thus, Petitioner's claim of ineffective assistance of counsel on the basis that his counsel failed to conduct an adequate pretrial investigation is **DENIED** because he has shown neither that counsel's performance was

13

deficient nor that any deficient performance caused Petitioner prejudice.

## B. Ineffective Assistance of Counsel at the Plea Agreement Stage

### 1. Failure to Adequately Advise Petitioner Regarding his Guilty Plea

Petitioner next argues that his counsel failed to adequately advise him as to the consequences of accepting the plea agreement. See Mem. Law Supp. § 2255 Mot. 20, ECF No. 147. He claims that there is a reasonable probability he would have proceeded to trial or opted to plead to the indictment without a plea agreement to preserve his right to appeal had he been properly informed by counsel of the possibility of a 300-month sentence. Id. at 21. The precise nature of counsel's alleged misadvice, however, is unclear. Petitioner never states that his counsel failed to inform him of the statutory maximum or otherwise misinformed him about any other specific issue. Petitioner merely repeats various conclusory statements about his counsel's advice, including the following: (1) counsel "expressly failed to correctly familiarize [Petitioner] with the relevant facts of the case, case law, applicable Guidelines and potential consequences of a conviction in his case," id. at 21; (2) counsel "failed to properly inform Good of all these matters . . . [h]ad Glaubke done so, Good would have been properly advised of his actual correct options available," id.; (3) "it

14

is clear and obvious that Good did not have a complete understanding of the relevant circumstances and likely consequences of pleading guilty to the government's Plea Agreement," id. at 21; and (4) "Good had a true and honest belief from this misadvice given to him by his attorney, that if he pled guilty to the government's Plea Agreement that it was the best opportunity for him in his case," id. at 21. The above statements constitute the entirety of the facts he alleges on this issue. Based on the above, Petitioner claims there is a reasonable probability the Court would have imposed the same sentence if Good had pled guilty to the indictment, thus his counsel allowed him to relinquish his appellate rights without cause. Id. at 20-22.

In view of the lack of clarity about what precisely Petitioner is asserting he was misinformed about, the Court cannot agree that his counsel's performance was constitutionally deficient or that any prejudice arose from counsel's alleged misadvice. If the Court construes Petitioner to be arguing that his counsel misinformed him about the possible penalties he would face by pleading guilty, any misinformation was mitigated first by the plea agreement, which clearly states that Defendant faced a mandatory minimum term of imprisonment of twenty years and a maximum term of life imprisonment. Plea Agr. 1, ECF No. 78. The Court also informed Petitioner of the relevant

15

mandatory minimum and statutory maximum terms at his change of plea hearing, and Petitioner affirmed under oath that he understood the penalties provided by law for the count to which he pled guilty. Plea Hr'g Tr. 6:14-7:3, ECF No. 158. Further, Defendant affirmed that he understood the nature of the rights that he was giving up by pleading guilty, see id. at 11:24-13:11, that the Court might impose a sentence above or below the calculated Guideline range, see id. at 15:5-9, and that it was unlikely that his attorney could predict his ultimate Guideline range before the PSR was prepared, see id. at 16:9-19. Petitioner was thus fully informed that his sentence might exceed the 240-month mandatory minimum sentence that he would have preferred, and there is no basis to conclude that any alleged misinformation as to the possible sentence he might receive caused him prejudice by inducing him to plead guilty.

Petitioner may also be asserting that he was "misinformed" because his counsel advised that pleading guilty was a better strategy than proceeding to trial. Under this theory, Petitioner's counsel would have provided ineffective assistance of counsel because she guessed wrong about the likely outcome of her client pleading guilty. The Supreme Court, however, has warned against the second-guessing of a counsel's trial strategy simply because it has proven unsuccessful. See Strickland, 466 U.S. at 689. The Supreme Court has instructed that courts "must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted). Here, in order to satisfy the prejudice prong of Strickland the challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Within the plea context, Petitioner must demonstrate that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Petitioner's bald assertion that his attorney "misinformed" him about pleading guilty fails to overcome the presumption that his attorney employed a sound trial strategy in advising her client to plead guilty rather than proceed to trial or to plead guilty without a plea agreement. It is hardly obvious even with hindsight that pleading guilty was an objectively inadvisable course of action, especially considering the overwhelming evidence that the Government likely would have presented against Petitioner at trial and considering that Petitioner received a below-Guidelines sentence after pleading guilty. Nor has Petitioner demonstrated that he would have

received a different, more favorable outcome by pleading guilty to the indictment without a plea agreement. Therefore, Petitioner's claim of ineffective assistance of counsel on the basis that his counsel failed to properly inform him of the consequences of his plea is **DENIED** because he has shown neither that counsel's performance was deficient nor that any defective performance caused Petitioner prejudice.

## 2. Failure to Negotiate a More Favorable Plea Agreement

In addition to claiming he was misinformed about the likely outcome of his plea, Petitioner complains about his counsel's plea negotiation strategy. "During plea negotiations defendants are 'entitled to the effective assistance of counsel.'" Lafler v. Cooper, 566 U.S. 156, 162 (2012) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Where, as here, the petitioner challenges his guilty plea based on his counsel's alleged deficient performance, he can show prejudice only if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner argues that the plea agreement that counsel obtained, which included the Government's agreement to file an information with the Court pursuant to 21 U.S.C. § 851 mentioning only one of his prior felony drug offenses, did not actually benefit him. See Mem. Law Supp. § 2255 Mot. 21, ECF

18

No. 147. He asserts that, because the Court was entitled to consider all relevant information concerning Good's background, character, and conduct in sentencing him, he was not helped by the Government's filing of an information stating only one of Good's prior convictions for felony drug offenses. See id. He thus concludes that counsel was ineffective because she failed to secure sufficient value for him in giving up his right to proceed to trial.

The obvious reply to Petitioner's complaint is that, absent defense counsel obtaining the Government's agreement as a part of the plea negotiations to file an information regarding only one of his prior drug offenses, had the matter gone to trial, Petitioner would likely have been convicted and the Government states it would have filed an information listing all of his prior felony drug offenses. See PSR ¶¶ 41-45, 47-48, 54 (listing numerous prior felony drug offenses). Pursuant to 21 U.S.C. § 841(b)(1)(A), Petitioner would then have been sentenced to a mandatory term of life imprisonment without release because he violated § 841 after two or more prior convictions for felony drug convictions. Moreover, had the matter instead proceeded to a guilty plea with all convictions listed, Petitioner would also have faced a mandatory term of life imprisonment. Thus, it appears that Petitioner's counsel obtained a valuable benefit for him as a part of the plea

negotiations, and the Court thus declines Petitioner's invitation to second-guess counsel's negotiation strategy on the basis that she might have done even better. Therefore, Petitioner's claim of ineffective assistance of counsel on the basis that his counsel failed to negotiate a better plea agreement is **DENIED** because he has shown neither that counsel's performance was deficient nor prejudicial.

### C. Ineffective Assistance of Counsel at Sentencing

Petitioner next alleges three defects in his counsel's performance related to his sentencing. First, he claims that his counsel failed to review, discuss, and explain the PSR to him prior to his sentencing. See Mem. Law Supp. § 2255 Mot. 24, ECF No. 147. Second, he asserts that his counsel's handling of his objections to the PSR was unsatisfactory. See id. In particular, he complains that his counsel withdrew his objections to the PSR at sentencing. See id. He also vaguely alleges that his counsel failed to file substantive objections to the PSR, but he does not specify what objections he believes should have been filed. See id. Third, he claims that his counsel failed to present mitigation evidence at sentencing and to object to his sentence as substantively unreasonable. Id.

In response, the Government notes numerous portions of Ms. Glaubke's affidavit that directly contradict Petitioner's

conclusory allegations. In her affidavit, Ms. Glaubke states first that she met with Petitioner on August 24, 2016, and August 26, 2016, and thoroughly discussed all relevant aspects of the PSR. Glaubke Aff. 2, ECF No. 159-2. Following these discussions, on August 30, 2016, Petitioner's counsel filed objections to the Guidelines calculation by challenging his base offense level of 36 and the dangerous weapon enhancement. PSR 31, ECF No. 114. On September 12, 2016, Ms. Glaubke received the revised PSR noting Petitioner's objections. Glaubke Aff. 3. In relation to Petitioner's objections, the probation officer challenged whether Petitioner's allegations were consistent with acceptance of responsibility because he appeared to be falsely denying relevant conduct. PSR 32. The probation officer also inserted additional evidence specifically rebutting Petitioner's claims. Id. at 31-32. Counsel then met with Petitioner on September 14, 2016 to discuss the revised PSR. Glaubke Aff. 3. She states that "together we revised our position paper and decided to withdraw our objections to the guidelines. We were concerned that our objections would not be sustained and [Petitioner] risked losing his acceptance of responsibility." Id. Thereafter, counsel filed a memorandum on sentencing withdrawing Petitioner's previous objections and requesting a below-Guidelines sentence. ECF No. 120. Ms. Glaubke also states that Petitioner "was an active participant in all of our

filings and never expressed concerns or a desire to file anything additional." Glaubke Aff. 3.

In addition to the above facts, the sentencing hearing transcript further reveals that Petitioner's allegations are groundless. At the hearing, Ms. Glaubke and Mr. Good both affirmed under oath that they had reviewed the PSR and had adequate time to discuss it together. Sen. Hr'g Tr. 3:21-4:10, ECF No. 170. The Court also asked defense counsel about whether Petitioner had withdrawn his objections to the PSR. Id. at 4:11-16. Ms. Glaubke replied that "[y]es, sir. After reviewing the addendum with Mr. Good and what was stated in there, he and I -- or he decided that we should withdraw those objections." Id. at 4:17-19. The Court then asked Mr. Good if he agreed that "after reviewing [the addendum] and discussing it with Ms. Glaubke, that you made the decision to withdraw the objections in consultation with her," to which Mr. Good replied, "[y]es, sir." Id. at 4:20-24. Petitioner also agreed that there were no additional errors or objections to the PSR. Id. at 5:3-8. The transcript then reveals that Ms. Glaubke presented mitigation evidence at oral argument regarding Petitioner's background, arguing that his criminal history of non-violent drug crimes, his strong family support, his addiction to drugs, his poor health, his acceptance of responsibility, and his cooperation with the authorities justified a below-Guidelines

sentence.  Id. at 11:19-15:19.  The same mitigating circumstances were also presented in Petitioner's position paper on sentencing.  See Good Pos. Paper, ECF No. 120.

In view of the above, it is clear that Petitioner's claim that his counsel failed to adequately review, discuss and explain the PSR has no basis.  Petitioner affirmed under oath that he had reviewed the PSR with his counsel and that his counsel did the same.  Petitioner's post hoc attempt to deny the facts that he swore to under oath is not sufficient to create a genuine factual issue as to whether he adequately discussed the PSR with counsel.  Because the Court concludes that there is no basis to find that Ms. Glaubke provided deficient representation by failing to adequately discuss the PSR with her client, Petitioner's claim based on this issue is **DENIED**.

Turning next to Petitioner's claim that his counsel mishandled his objections, the Court notes first that Petitioner's vague and conclusory assertion that his counsel might have filed better objections is inadequate to show deficient representation.  As to counsel's strategic decision to recommend that Petitioner withdraw his objections, the Court keeps in mind that "[i]n many cases, counsel's decision not to pursue a particular approach at sentencing reflects not incompetence, but rather a sound strategic choice."  Lovitt v. True, 403 F.3d 171, 179 (4th Cir. 2005).  Here, the record shows

that there was an objectively reasonable basis to withdraw Petitioner's objections both because of the potential loss of the acceptance of responsibility reduction and because the objections appeared likely to fail. Petitioner's complaint that his counsel's strategy did not achieve the extent of the below-Guidelines sentence that he desired is not a proper ground for finding that his counsel's performance was constitutionally insufficient. See Strickland, 466 U.S. at 689. Moreover, in light of the fact that Petitioenr received credit for accepting responsibility, and that Petitioner's counsel was able to obtain a below-Guidelines sentence, it appears that her strategic decisions in this case were sound. Therefore, the Court **DENIES** Petitioner's claim that his counsel's performance was constitutionally deficient in the handling of his objections to the PSR.

Next, the record clearly demonstrates that Petitioner is wrong in claiming that his counsel failed to present mitigation evidence that would have reduced his 300-month sentence. As shown above, Ms. Glaubke presented mitigation evidence both in Petitioner's position paper and at the sentencing hearing which was apparently successful in causing the Court to impose a below-Guidelines sentence. Finally, Petitioner's claim that his counsel should have objected that his sentence was substantively unreasonable is completely unsupported and without merit.

Therefore, Petitioner's claims of ineffective assistance of counsel, on the grounds that his counsel failed to present mitigation evidence and failed to object to his sentence as substantively unreasonable, are **DENIED**.

### D. Failure to File a Notice of Appeal

Finally, Petitioner alleges that defense counsel provided constitutionally deficient performance by failing to file a notice of appeal after Petitioner directed counsel to do so. Mem. Law Supp. § 2255 Mot. 25, ECF No. 147. A lawyer performs deficiently if she "disregards specific instructions from the defendant to file a notice of appeal." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "Even if the client does not expressly request an appeal, counsel must consult with her client about an appeal when a rational defendant would want to appeal or her client expresses an interest in appealing." Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015). The petitioner does not need to show that his grounds for appeal are meritorious, just that "but for counsel's deficient conduct, he would have appealed." Flores-Ortega, 528 U.S. at 486. He must also demonstrate a "reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

In the plea agreement, Petitioner agreed to waive his right to appeal his conviction and sentence on all grounds other than

than ineffective assistance of counsel claims cognizable under direct appeal. Plea Agr. ¶ 5, ECF No. 78. The Fourth Circuit has held that "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). Where a petitioner claims to have directed his counsel to file a notice of appeal and counsel files an affidavit denying such claim, an evidentiary hearing is generally necessary in order to determine which account is credible. See United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) (finding that the district court abused its discretion in denying an evidentiary hearing where there were conflicting factual statements about whether the petitioner requested that his counsel file a notice of appeal).

Petitioner claims that he requested that Ms. Glaubke file a notice of appeal. See Mot. Vacate Under 28 U.S.C. § 2255 6, ECF No. 146 (noting counsel failed to "File a Notice of Appeal as Good requested"). For her part, Ms. Glaubke denies that Petitioner ever asked her to file an appeal, and she emphasizes that she had previously informed him that he his right to appeal. Glaubke Aff. 3, ECF No. 159-2. Because there are conflicting factual allegations in the record regarding whether

Petitioner made a timely request for his counsel to file a notice of appeal, Petitioner's claim on this issue is **TAKEN UNDER ADVISEMENT** pending an evidentiary hearing. The Clerk is therefore **DIRECTED** to appoint a new defense attorney to represent Petitioner at such hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.") (emphasis added). As soon as new counsel is appointed, counsel for Petitioner and counsel for the Government shall confer regarding mutually agreeable hearing dates and should contact the undersigned Judge's calendar clerk to schedule an evidentiary hearing as soon as practicable. Based on the nature of Petitioner's claims, Petitioner **will be required** to appear in person for such evidentiary hearing. Accordingly, counsel shall ensure that the date chosen for the hearing affords the United States Marshals Service adequate time to transport Petitioner to this Court.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DENIED** on the merits, except on the limited issue of whether Petitioner unequivocally requested counsel to file an appeal and counsel neglected to do so. Petitioner's claim that counsel was

ineffective for failing to file a notice of appeal as directed is **TAKEN UNDER ADVISEMENT** pending an evidentiary hearing.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 12 , 2018

28