UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 2:16cr22

FRANK WAYNE GOOD,

        Defendant.

## MEMORANDUM ORDER

This matter is before the Court on Defendant Frank Wayne Good's ("Defendant") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. ECF No. 206. The Government filed a brief opposing Defendant's motion on the merits, ECF No. 215, and Defendant filed an untimely reply, ECF No. 218. Even considering Defendant's untimely reply, for the reasons stated below, Defendant's motion is **DENIED on the merits.**

### A. Administrative Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A), this Court has the authority to reduce a term of imprisonment when a federal inmate files a motion seeking "compassionate release" after exhausting administrative remedies through the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A).[1] Here, the Government concedes that Defendant has satisfied the statutory exhaustion requirement. ECF

---

[1] The First Step Act of 2018 amended such statutory provision to allow inmates to directly petition this Court for compassionate release; prior to 2018, the BOP had to initiate the motion in this Court.

No. 215, at 9 n.5.  The Court, therefore, considers Defendant's motion on the merits.

### B. Merits

In seeking compassionate release, Defendant, who is fifty-two years old, reports (and the Government does not dispute) that he is overweight and suffers from diabetes, high blood pressure, and high cholesterol, and that, in light of such conditions, he is "extremely afraid for his life" if he contracts COVID-19.  ECF No. 206, at 1-2.  To further illustrate such fear, Defendant points to the fact that "hundreds" of inmates at his (former) place of incarceration, FCI Butner Medium II, have tested positive for the virus.[2]  Id. at 1.

At the outset, the Court notes that "a general fear of contracting COVID-19, without a sufficient basis for that fear, does not provide an extraordinary and compelling reason for a defendant's release."  United States v. Prater, No. 3:13cr133, 2021 WL 54364, at *5 (E.D. Va. Jan. 6, 2021) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)).  Instead, this Court has "found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease

---

[2] By letter dated May 12, 2021, Defendant informed the Court that he would be transferred to FCI Butner Low on May 13, 2021, ECF No. 219, which BOP records confirm, see https://www.bop.gov/inmateloc/ (last visited May 26, 2021).

at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020).  Here, Defendant's motion fails on both accounts.

While it is true that the CDC has recognized three of Defendant's asserted medical conditions, namely, diabetes, high blood pressure, and being overweight, as conditions that "can make you more likely to get severely ill from COVID-19," see https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 26, 2021), Defendant's BOP medical records reveal that Defendant has received both doses of the Pfizer-BioNTech COVID-19 vaccine, with the first dose being administered on March 3, 2021, and the second dose being administered on March 25, 2021.  ECF No. 216. The CDC reports that, according to clinical evidence, such vaccine "was 95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection."  See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited May 26, 2021).

In his reply, Defendant argues that the fact of inoculation does not absolutely foreclose the risk of reinfection (particularly in light of "variant" strains), stating that he "is in just as much danger [now] as he was before" receiving the vaccine. ECF No. 218, at 5-6.  Other judges of this Court, however, have nonetheless found such factor—i.e., the fact of inoculation

3

(even after the first dose alone)—to undercut a defendant's ability to demonstrate a particularized susceptibility to the disease, even where the defendant otherwise suffered from conditions constituting COVID-19 risk factors.  See, e.g., United States v. Molina, No. 3:12cr132, 2021 WL 1587904, at *2 (E.D. Va. Apr. 22, 2021) (holding that a defendant who was overweight and suffered from high blood pressure did not show a particularized susceptibility to COVID-19 where he had been "fully vaccinated with the effective Pfizer vaccine"); United States v. Jones, No. 3:19cr105, 2021 WL 217157, at *5 (E.D. Va. Jan. 21, 2021) ("Considering Jones [who suffered from hypertension and only had one lung] has received the [first dose of the Pfizer] COVID-19 vaccin[e], the Court believes that he faces reduced risks from the virus, further weighing against his request for compassionate release.").  The undersigned judge likewise finds that such factor cuts against Defendant's ability to demonstrate a particularized susceptibility to COVID-19.

The Court need not, and does not, consider such factor in isolation, however, because the current conditions at Defendant's prison facility, FCI Butner Low, are such that even if Defendant is particularly susceptible to COVID-19 (notwithstanding his inoculations), Defendant nonetheless fails to show a present particularized risk of contracting the disease while incarcerated. See Feiling, 453 F. Supp. at 841.  Indeed, the BOP currently

4

reports that <u>zero</u> inmates, and <u>zero</u> staff members, at FCI Butner Low are COVID-19 positive. <u>See</u> https://www.bop.gov/coronavirus/index.jsp (last visited May 26, 2021). Further undermining Defendant's argument for release, the BOP reports that 891 staff members and 2,271 inmates at FCC Butner, the federal prison complex that includes FMC Butner, FCI Butner Low, FCI Butner Medium I, and FCI Butner Medium II, have been <u>fully</u> vaccinated as of the date of this Order.[3] <u>Id.</u>

As the foregoing discussion illustrates, Defendant fails to clear the "extraordinary and compelling" threshold for compassionate release. Accordingly, Defendant's motion for compassionate release is **DENIED on the merits**.[4]

---

[3] The BOP does not report the number of individuals that have received their first dose of the vaccine and are currently awaiting their second dose, nor does it report the number of individuals fully inoculated at each individual institution. The Court notes, however, that across all four Butner institutions, only one inmate and three staff members are currently reported to be COVID-19 positive. <u>See</u> https://www.bop.gov/coronavirus/index.jsp (last visited May 26, 2021).

[4] Given Defendant's failure to demonstrate an extraordinary and compelling reason justifying compassionate release, the Court does not engage in an exhaustive § 3553(a) analysis. However, the Court notes its agreement with the Government that the serious nature of Defendant's offense, Defendant's extensive and recidivist criminal history, and the significant amount of time Defendant has left to serve on his sentence, all counsel strongly against a finding that the § 3553(a) factors support compassionate release.

## C. Summary

For the reasons stated herein, Defendant's compassionate release motion is **DENIED on the merits**.  ECF No. 206.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Defendant and to counsel of record for the Government.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May __26__, 2021